PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARNELL PITTMAN SR., | ) | |
| | ) | CASE NO.  1:09CV1351 |
| Petitioner, | ) | (1:05CR0409) |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | [Resolving ECF No. 64] |

Before the Court is Darnell Pittman Sr.'s Motion under 28 U.S.C. § 2255 to vacate, set

aside or correct sentence by a person in federal custody.  ECF No. 64.[1]  The Government has

responded to the *pro se* motion.  ECF No. 69.  The matter is ripe for consideration.[2]

Background

On August 24, 2005, a federal grand jury, in the Northern District of Ohio, returned a

two-count indictment charging Pittman with carjacking, in violation of 18 U.S.C. § 2119(2), and

use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A).  (ECF No.

1, Indictment).  After a lengthy delay due to multiple competency evaluations and attorney

substitutions at the defense's request, Pittman pled guilty to the indictment on April 7, 2008.

(ECF No. 59, Minutes).  Pittman pled guilty pursuant to a written plea agreement that included a

---

[1]  The docket references will be to the criminal case, not the related civil case,
1:09CV1351.

[2]  On January 19, 2011, the above-entitled action was reassigned from Judge
Kathleen M. O'Malley to the undersigned pursuant to General Order No. 2011-3.

(1:09CV1351)

factual basis and an agreed-upon sentencing range that allowed for a lower sentence under the

career offender guideline range than that calculated by the U.S. Probation Office.  (ECF No. 60,

Plea Agreement).

        The Court sentenced Pittman to a total of 262 months.[3]  In accordance with paragraph 11

of the written plea agreement, Pittman did not file a direct appeal.  He has, despite the waiver

included in the plea agreement, filed the instant § 2255 motion.  The plea agreement

understandably placed no restrictions on the filing of an appeal or collateral attack alleging

ineffective assistance of counsel or prosecutorial misconduct.  ECF No. 60 at ¶ 11.  Pittman

acknowledge's that his § 2255 motion does not include those permitted allegations, however, his

amended § 2255 motion states "these issues will be presented at a later date."  ECF No. 67-1 at 5

No. 13.  To date, no such supplement has been made.  Nevertheless, read broadly, it appears that

Pittman alleges (1) actual innocence; (2) lack of jurisdiction; (3) due process violation; (4)

prosecutorial misconduct; and (5) ineffective assistance of counsel.  ECF No. 64 at 5-6,

amendment incorporated.  For the reasons below, Pittman's motion is denied.

<u>Discussion</u>

        Title 28, United States Code, Section 2255, sets forth four grounds upon which a

federal prisoner may base a claim for relief: "(1) 'that the sentence was imposed in violation of

the Constitution or laws of the United States;' (2) 'that the court was without jurisdiction to

impose such sentence;' (3) 'that the sentence was in excess of the maximum authorized by law;'

---

        [3] Pittman mistakenly wrote that he was sentenced to 362 months.  ECF No. 64 at
1.

2

(1:09CV1351)

and (4) that the sentence 'is otherwise subject to collateral attack.'" *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255).  To prevail on a Section 2255 motion, the petitioner must prove by a preponderance of the evidence that his constitutional rights were denied or infringed. *United States v. Wright*, 624 F.2d 557, 558 (5th Cir. 1980).

As stated above, Pittman did not file a direct appeal of his conviction or sentence.  He began his post-trial litigation with the instant § 2255 motion.  In light of this, the Court agrees with the government's position that, "Assuming defendant filed supporting documentation of his claims, his first three claims are barred for his failure to raise them on direct appeal." ECF No. 69 at 5.

1.

It is additionally problematic that Pittman's motion and its amendment merely state general legal concepts.  He does not make developed legal arguments or offer substantiated facts to support his claims.  Additionally, Pitman does not offer transcript excerpts or other evidence in support of his claims.  Essentially, he alleges that his rights were violated but fails to specify in what manner they were violated.  Under circumstance such as those presented in the instant case a court's decision may be conclusively determined by the motion itself, and the records and files found with the trial court. *Mejia v. United States*, No. 1:05 CV 997, 2005 WL 1566763, at *1 (N.D. Ohio July 1, 2005) (Gaughan, J.) (citing *Machibroda v. United States*, 368 U.S. 487, 514 (1962)).  Vague or conclusory allegations may permit summary disposition.  *Id.* at 495 (acknowledging that "[t]he language of the statute [§ 2255] does not strip the district courts of all discretion to exercise their common sense").  Legal conclusions unsupported by factual

3

(1:09CV1351)

allegations are insufficient to entitle a petitioner to relief under 28 U.S.C. § 2255 or to demand an evidentiary hearing.  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Despite having been afforded more than ample time to do so,[4] Pittman has not truly amended his motion nor otherwise provided any bases for the Court's consideration.[5]  Even assuming *arguendo* that Pittman had alleged specific facts, it remains that he has not explained the alleged violations of his constitutional rights or how the alleged non-constitutional violations amount to a "fundamental defect which inherently results in a complete miscarriage of justice." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).  It is also of no small consequence that Pittman did not file a direct appeal.  *Grant v. United States,* 72 F.3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996) (non-constitutional errors ordinarily will not be cognizable on collateral review and must be asserted on direct appeal).  Despite the lack of information provided by Pittman ( or obvious from the record ) that supports the type of irregularities a § 2255 motion is designed to correct, the Court addresses certain of those issues which appear to be posited by Pittman.

---

[4]  Pittman requests counsel, ECF No. 70, and credits lack of time, resources and talent as bases for his failure to fully develop issues relevant to his § 2255 motion.  *See* ECF Nos. 63, 64 and 70.  Regrettably, this motion has been pending long enough to have allowed him to have, at least, sought leave to properly amend his motion to state actionable grounds for relief.

[5]  The Court has considered the docket in its entirety, including the letter from Pittman.  ECF No. 70.

4

(1:09CV1351)

Typically, voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct appeal.  Exceptions to this rule are (1) that defendant's procedural default is excused upon a finding of actual innocence, and (2) that he demonstrates cause and actual prejudice.  *See El-Nobani v. United States*, 287 F.3d 417, 420 (6th Cir. 2002); *see also Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001).   Therefore, the Court must determine whether Pittman has met one of these exceptions.

The Court's review reveals that Pittman has not presented actionable support for a claim of actual innocence.  Instead he bootstraps his claim of actual innocence to the success of his other grounds for relief, writing "movant is indeed actually innocent of all federal crimes due to all below grounds."  ECF No. 64 at 5.  Consequently, Pittman has not established actual innocence based upon either a procedural basis or the merits of his grounds for relief.  Thus, he has failed to meet the criteria for the first exception.  As to the second exception, Pittman fails to allege cause or actual prejudice and the record available to the Court does not independently support such a finding. Thus, Pittman has not met the criteria for the second exception.

2.

Further, Defendant has not met his burden to establish a claim of ineffective assistance of counsel or prosecutorial misconduct.  To establish a claim of ineffective assistance of counsel, the defendant must prove that his counsel's representation fell below an objective standard of reasonableness, and there is a reasonable probability that, but for his attorney's unprofessional errors, the result of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984).  Furthermore, to show prejudice when guilty pleas have been entered,

5

(1:09CV1351)

the defendant must establish that but for counsel's errors there is a reasonable probability that he would not have pleaded guilty and instead would have proceeded to trial.  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Davis v. United States*, No. 93–2566, 1994 WL 533062, at *2 (6th Cir. 1994) (rejecting ineffectiveness claim absent proof that, had counsel "properly investigate[d] the facts," defendant would have insisted on going to trial rather than pleading guilty).  A defendant alleging ineffective assistance bears a "heavy burden of proof." *Whiting v. Burt*, 395 F. 3d 602, 617 (6th Cir. 2005).

The Court's review of the record fails to indicate that Pittman was dissatisfied with his trial counsel, who ultimately counseled him during the guilty plea, or with the conduct of government's counsel.  To the contrary, the record shows that Pittman's counsel and the government's counsel worked painstakingly and laboriously to achieve a plea resolution which benefitted both parties and was advantageous to Pittman.  He has not raised any specific allegation as to how either his counsel or counsel for the government was deficient or otherwise comported themselves inappropriately.

<u>Conclusion</u>

In summary, the grounds for relief raised by Pittman are vague, waived or otherwise without any plausible bases in the record.  The motion for § 2255 relief (ECF No. 64) is denied.  Pittman's motions for injunctive relief (ECF No. 63) and the appointment of counsel (ECF No. 70) are denied as moot.

6

(1:09CV1351)

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. §2253(c); Fed. R. App. P. 22(b).


IT IS SO ORDERED.


 September 11, 2012                              /s/ Benita Y. Pearson
Date                                            Benita Y. Pearson
                                                United States District Judge

7